WALTER J. STEVEN, APPELLANT, V. E. J. HENDERSON ET AL., APPELLEES.

FILED JANUARY 5, 1907. No. 14,582.

Evidence examined, and *held* insufficient to sustain the judgment.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*E. C. Calkins,* for appellant.

*C. A. Robinson, contra.*

JACKSON, C.

The plaintiff's action is on a promissory note for the sum of $130. The defendants admit signing the note,

but allege that it was obtained by fraud, and was without consideration. The trial resulted in a judgment for the defendants, from which the plaintiff appeals.

It appears that James Steven was an implement dealer at Shelton, through whom the defendants purchased a second-hand threshing machine engine and a grain weigher. The plaintiff claims that the consideration for the note in suit was $100 of the purchase price of the engine and $30 of the purchase price of the weigher. The principal controversy is over the purchase price of the engine. The plaintiff claims the fact to be that the price agreed upon for the engine was $1,050, for which notes in the sum of $950 were to be delivered by the defendants, payable to the Massillon Engine & Thresher Company, and the remaining $100 was to be paid by an assignment of a claim against another machine company, then in litigation; that, when the engine was delivered and settlement finally made, the defendants requested Steven to take their note for $100 in lieu of the assignment of the claim, which he agreed to do, and that the $100 was included in the note in suit. The defendants claim that the total consideration to be paid by them for the engine was $950, for which they executed their notes, and that the notes were subsequently paid.

Whatever may be said about the merits of the controversy over this part of the transaction, we are of the opinion that the evidence fails to disclose a total failure of consideration for the note in suit. The order for the weigher contains an agreement on behalf of the defendants, providing for the payment of the regular list price, and the evidence shows without dispute that the list price of the weigher was at least $100, probably $110, and it is not claimed by the defendants that they have paid but $80 of the purchase price of the weigher. Under this state of facts, the plaintiff was entitled to judgment, at least for the difference between the contract price of the weigher and the amount paid. This conclusion is met by counsel for appellees with the suggestion that Steven

was the agent of the Russell company in the sale of the weigher; that the title passed direct from the Russell company to the defendants, and that the excess over the $80 paid by the defendants belonged to the principal, and not to the agent. That question, however, is not in the case. The evidence discloses that Steven had a net price from the Russell company, and made his own price to his customers.

The judgment of the district court is not supported by the evidence, and we recommend that it be reversed and the cause remanded for further proceedings according to law.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.